**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| SHERRY JARRELL | : | |
| 1930 East Deep Run Road | | |
| Manchester, Maryland 21102 | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. _____ |
| THE EMMES CORPORATION | : | |
| 410 North Washington Street | | |
| Rockville, Maryland 20850 | : | |
| Defendant. | : | |

...oooOooo...

## COMPLAINT

NOW COMES Plaintiff Sherry Jarrell, by and through her attorneys, Andrew M. Dansicker, Andreas Lundstedt and the Law Office of Andrew M. Dansicker, LLC, and hereby file this Complaint against Defendant The Emmes Corporation ("Emmes") for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), the Maryland Wage Payment and Collection Law ("MWPCL") and the Maryland Wage and Hour Law ("MWHL"), and in support thereof state the following:

## THE PARTIES

1. Plaintiff Sherry Jarrell is a citizen and resident of Maryland who was employed as a Human Resources Specialist for Emmes.

2.      Defendant Emmes is a Maryland corporation maintaining its principal place of business in Rockville, Maryland, which provides biotechnology services.  Emmes is an employer as defined by the FLSA, MWPCL and MWHL.

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction is proper in this Court pursuant to to 42 U.S.C. § 12101 *et seq.* as the case arises under federal law, the FLSA, and personal jurisdiction is proper in this Court, because Defendants transact extensive business in Maryland, and the events giving rise to this litigation took place in Maryland.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in the District of Maryland, Southern Division.

## FACTS

5.      Plaintiff Sherry Jarrell began working for Emmes in or around early 2012 and worked until approximately July 19, 2016, performing basic accounting and payroll tasks, such as administering the semi-monthly payroll, handling compensation changes and questions, entering data, contacting vendors, providing training to employees and running financial and payroll reports.

6.      Ms. Jarrell did not manage or supervise any employees, nor did she have any policy-making authority or the authority to create policies or rules or to make any other substantive decisions.

7.      Ms. Jarrell was paid on a salary basis earning an annual salary of $73,400.00.

8. Ms. Jarrell frequently and regularly worked in excess of forty hours per week, typically working from home at night or on weekends to catch up on work assignments, but Defendant failed to pay her the required overtime at the rate of one and a half times her hourly wage.

9. Defendant was or should have been aware of Ms. Jarrell's long hours, because she would frequently log into Emmes's computer system to perform work on behalf of Emmes.

10. Plaintiffs have requested, through counsel, that Defendants compensate them for their unpaid overtime wages, but Defendants have failed to do so.

### COUNT 1 – FLSA – OVERTIME WAGES

11. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as if the same were fully set forth herein.

12. Defendant is subject to the obligations and requirements of the Fair Labor Standards Act ("FLSA").

13. Plaintiff worked in excess of forty hours per week on a consistent basis but was not properly paid her overtime wages in violation of the FLSA, 29 U.S.C. Section 201, et al.

14. Defendant's deliberate and wilful failure to pay Plaintiff the required overtime wage payments was not in good faith, nor was it predicated on any reasonable grounds.

WHEREFORE, Plaintiff demands judgment in an amount greater than forty thousand dollars ($40,000.00) against Defendant in compensatory damages, liquidated damages, attorneys' fees, interest, costs and any and all other relief deemed appropriate by this Court.

## COUNT II – MWHL/MWPCL – UNPAID OVERTIME

15. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as if the same were fully set forth herein.

16. Defendant is subject to the obligations and requirements of the Maryland Wage and Hour Law and Maryland Wage Payment and Collection Law.

17. Plaintiff worked in excess of forty hours per week on a consistent basis but was not paid her straight wages or overtime pay in violation of Maryland Labor and Employment Code Ann. §§ 3-413, 3-415, 3-420 and 3-428, for the time the Plaintiff was required to work by Defendant.

18. Defendant's deliberate and wilful failure to pay Plaintiff the required overtime pay was not in good faith, nor was it predicated on any reasonable grounds or based upon any bona fide dispute.

19. Pursuant to Section 3-507.1(b) of the MWPCL, Plaintiff seeks liquidated damages in an amount treble the wages that were never paid to Plaintiff in a timely manner, as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment in an amount greater than one-hundred twenty thousand dollars ($120,000.00) against Defendant in compensatory damages, liquidated damages, attorneys' fees, interest, costs and any and all other relief deemed appropriate by this Court.

Dated: March 24, 2017

Respectfully submitted,

/s/
Andrew M. Dansicker (Bar # 11765)
D. H. Andreas Lundstedt (Bar # 28620)
Law Office of Andrew M. Dansicker, LLC
Executive Plaza II, Suite 705
11350 McCormick Road
Hunt Valley, Maryland 21031

adansicker@dansickerlaw.com
andreas.lundstedt@gmail.com

*Counsel for Plaintiff Sherry Jarrell*

## PRAYER FOR JURY TRIAL

Plaintiff Sherry Jarrell hereby requests a jury trial.

_____/s/_____
Andrew M. Dansicker